IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEAN RIKER,

        Plaintiff,                    No. 2:08-cv-0450 MCE JFM

    vs.

DISTILLERY, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff's July 14, 2009 motion for discovery is submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

        At issue is plaintiff's single discovery request:

> Please produce any and all DOCUMENTS in your POSSESSION that refer or relate to the cots and litigation expenses incurred by YOUR LEGAL REPRESENTATIVES at all stages of this case, including invoices, statements, billings, experts costs and expenses, consultant costs and expenses, fax charges, photocopying, duplication, telephone charges, postage, service, deposition transcripts, travel, transportation, etc.

(August 11, 2009 Joint Statement at 1.) Defendants timely objected on the grounds that such records are privileged, confidential and irrelevant. Defendants argue it is plaintiff's burden to demonstrate her request for attorneys fees is reasonable, based on her own attorney's time

1

records. Defendants also object that the request is inappropriate in that it was filed during settlement negotiations that ultimately resulted in a consent decree and judgment entered July 29, 2009.

Plaintiff argues that defendants plan to challenge plaintiff's motion for attorneys fees as unreasonable, and needs the defendants' billing records to assist the court in determining the reasonableness of plaintiff's request for attorneys fees.

Plaintiff has not yet filed a motion for attorneys fees.

This court finds that defendants' billing records may be relevant to assist the court in determining the reasonableness of plaintiff's request for attorneys fees. See Real v. Continental Group, Inc., 116 F.R.D. 211, 213 (N.D.Cal.1986) (hourly rates and total billings and costs are at least minimally relevant). In Real, the court held, *inter alia*, that defense counsel's hours and hourly rates were not information protected either by work-product doctrine or attorney-client privilege, but defense counsel's statement of fees and billing printouts were not discoverable by employee, as documents would necessarily reveal nature of legal services provided.

> The court of appeals for the ninth circuit has held that the attorney-client privilege embraces attorney time, records and statements to the extent that they reveal litigation strategy and the nature of the services provided. "[B]ills, ledgers, statements, time records and the like which also reveal the nature of law, also should fall within the privilege. On the other hand, a simple invoice requesting payment for unspecified services rendered reveals nothing more than the amount of the fee and would not normally be privileged. . . ." In re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir.1982).

Real, 116 F.R.D. at 213-14. Of course, "[a] request for attorneys fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).

Here, defendants contend the detailed billing records sought would reveal defendants' legal strategy and nature of services provided. As such, these documents would be privileged under In re Grand Jury Witness, 695 F.2d at 362.

However, under Ninth Circuit authority,

> the number of hours billed, the parties' fee arrangement, costs and total fees paid do not constitute privileged information. See, e.g., In re Osterhoudt, 722 F.2d 591 (9th Cir. 1983) (amounts and dates of payment of legal fees not privileged); In re Grand Jury Proceeding, 721 F.2d 1221 (9th Cir. 1983) (fee arrangement not privileged); United States v. Sherman, 627 F.2d 189 (9th Cir. 1980) (amount of fees paid not privileged).

Real, 116 F.R.D. at 214.

Accordingly, defendants shall provide to plaintiff an itemized statement of the number of hours billed, the parties' fee arrangement, costs and total fees paid, without including the nature of services rendered.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 14, 2009 motion for discovery is partially granted;

2. Within fifteen days from the date of this order, defendants shall provide to plaintiff an itemized statement of the number of hours billed, the parties' fee arrangement, costs and total fees paid, without including the nature of services rendered.

3. Defendants' motion for sanctions is denied.

DATED: August 12, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; riker.dsc