UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEAN RIKER,   No. 2:08-cv-00450-MCE-JFM

    Plaintiff,

  v.   **MEMORANDUM AND ORDER**

DISTILLERY; RONALD ALVERNAZ; JAMES DUNPHY, JR.; and JAMES DUNPHY, SR.,

    Defendants.

----oo0oo----

    Through the present motion, Plaintiff Jean Riker ("Plaintiff") seeks attorney's fees and litigation expenses, pursuant to state law and 42 U.S.C. § 12205 of the Americans with Disabilities Act ("ADA"), following her settlement with Defendants Distillery, Ronald Alvernaz, James Dunphy, Jr., and James Dunphy, Sr. (collectively referred to as "Defendants") for violations of Title III of the ADA at the Distillery Bar and Grill located in Sacramento, California.

///
///

1

Plaintiff requests $120,763.00 for fees incurred by various attorneys, $13,345.00 in costs and litigation expenses, and a 1.3 multiplier enhancement for a total of $162,479.00. Defendants oppose Plaintiff's motion on grounds that the fees and expenses sought are unreasonable and excessive. As set forth below, Plaintiff's Motion will be granted, in part.[1]

## BACKGROUND

Plaintiff initiated this suit against Defendants after she encountered several architectural barriers at the Distillery. She claims she was subsequently deterred from visiting the Distillery. Plaintiff is physically disabled and must use a wheelchair to travel.

Plaintiff filed her complaint on February 6, 2008. Plaintiff's counsel thereafter conducted site assessments of the Distillery and prepared a report. In July 2009, Plaintiff and Defendants entered into a settlement agreement pursuant to which Defendants agreed to pay Plaintiff damages in the amount of $11,000 and remedy architectural barriers at the Distillery.

Since the parties agreed the court would retain jurisdiction to hear Plaintiff's request for fees and expenses the present motion was filed on August 28, 2009.

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

**STANDARD**

Plaintiff's complaint alleged violations of the ADA, Cal. Civ. Code § 54-55, and California Health & Safety Code §§ 19953, 19955 *et seq*. Section 12205 of the ADA authorizes a court, in its discretion to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. A prevailing plaintiff under a statute so worded "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002), quoting Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). A plaintiff who enters a legally enforceable settlement agreement is considered a prevailing party. Id.

Section 55 of the California Disabled Persons Act provides that "the prevailing party in the action shall be entitled to recover reasonable attorney's fees." Cal Civ. Code § 55. Also, under California Health & Safety Code § 19953, "[a]ny person who is aggrieved or potentially aggrieved by a violation of the part . . . may bring an action to enjoin the violation. The prevailing party in the action shall be entitled to recover reasonable attorney's fees."

///
///
///
///
///

**ANALYSIS**

Defendants do not dispute that Plaintiff, as the prevailing party in this litigation, may recover both attorney's fees, as well as litigation expenses and costs, in pursuing the instant case. Defendants nonetheless assert that the Court should exercise its discretion in determining that, under the circumstances present, those fees and expenses should either be significantly reduced because they are unnecessary, unreasonable and/or excessive.

**A.  Attorney's Fees**

This Court must determine the extent to which attorney's fees and litigation expenses are recoverable. In making that assessment, the Court must first identify the applicable "lodestar" for calculating attorneys' fees.

Under the lodestar method, a court multiplies the number of hours the prevailing attorney reasonably expended on the litigation by a reasonable hourly rate. See Hensley, 461 U.S. at 433; see also Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) (expressly approving the use of prevailing hourly rates as a basis for the lodestar). Courts may then adjust the lodestar to reflect other aspects of the case. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Serrano v. Priest, 20 Cal. 3d 25 (1977).

With respect to determining the appropriate hourly rate, courts generally calculate a reasonable fee according to prevailing market rates in the relevant legal community. Blum v. Stenson, 465 U.S. 886, 895 (1984).

4

The general rule is that courts use the rates of attorneys practicing in the forum district, in this case, the Eastern District of California, Sacramento. Gates v. Deukmejian, 987 F.2d 1392, 1405 (1993); Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991), cert. denied 502 U.S. 899 (1991). The burden is on the fee applicant to produce satisfactory evidence that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 895 n.11. A court will normally deem a rate determined in this way to be reasonable. Id.

Courts within the Eastern District have repeatedly capped the award of a reasonable fee for an experienced ADA attorney at $250.00 per hour. See, e.g., Haworth v. Haddock, 2008 WL 697595 at *1 (E.D. Cal. 2008); Garcia v. Tariq, 2007 WL 2492614 at *3 (E.D. Cal. 2007); Chapman v. Pier 1 Imports, Inc., 2007 WL 2462085 at *4 (E.D. Cal. 2007). While Plaintiff's counsel cites several cases in support of the $375.00 hourly rate sought by way this fee application, none of the proffered cases originated within this district. Perhaps most telling with respect to the propriety of a $375.00 rate in this area is the fact that local defense counsel in this matter charged $235.00 per hour. (Decl. of Kayla C. Villa, ¶ 2). Consequently the Court will limit the reasonable hourly compensation sought by Plaintiff's counsel in this matter to $250.00. Given that a total of 338.40 hours are claimed, that reduces the total base fee from $126,901.00 to $84,600.00.

///

1 Having determined the appropriate hourly fee, the Court now
2 turns to whether the number of hours billed was reasonable.  As
3 an initial matter, the Court notes that Plaintiff's counsel has
4 already recognized, in their fee application, a five percent
5 adjustment for "billing errors".  That five percent reduction
6 equates with a write-off of 19.20 hours.  While the Court agrees
7 that secretarial costs are not recoverable (see, e.g., Loskot v.
8 USA Gas Corporation, CIV. S-01-2125 WBS KJM (E.D. Cal. April 26,
9 2004), citing In re Pac. Exp., Inc., 56 B.R. 859, 865 (Bktcy.
10 E.D. Cal. 1985)) and while certain other billing categories
11 identified by Defendants are also objectionable (like excessive
12 charges for form pleadings and certain double-billed items), the
13 Court believes that the five percent reduction already proposed
14 by Plaintiff's counsel addresses those relatively minor
15 discrepancies.  The Court will separately address below the
16 extent to which additional reductions are warranted for
17 unreasonably claimed fees.

**1.   Duplicative Billings**

19 Plaintiff had two attorneys working on this case, Timothy
20 Thimesch and Gene Farber.  Defendants object to the
21 reasonableness of paying both Thimesch and Farber for their joint
22 appearances at certain case-related activities like the site
23 visit, Plaintiff's deposition, and the voluntary settlement
24 conference in this matter.  The Court agrees it is not reasonable
25 for Defendants to pay for the presence of two attorneys at such
26 activities given the relatively straightforward nature of this
27 ADA case.
28 ///

Therefore a total 27.30 hours, representing the hours claimed for Mr. Farber's appearances when Plaintiff was jointly represented,[2] will be deducted from the total claimed hours of 338.40.

### 2. Unnecessary Motion Practice

Defendants contest the reasonableness of hours expended by Plaintiff's counsel in pursing unnecessary and/or improper motion practice. Most notably, the defense objects to a total of 26.60 hours spent by Thimesch and Farber in preparing a Motion for Summary Adjudication in March and April of 2009, after the case settled (with the exception of the attorney's fee issue) on February 5, 2009. Plaintiff's counsel filed no timely reply to controvert Defendants' allegation that it cannot be reasonable to file a dispositive motion as to a case that has already settled. Significantly, no summary adjudication motion was ever filed Consequently, an additional 26.60 hours will be deducted from the base hours claimed.

### 3. Travel Time

Although Plaintiff's attorneys maintain offices in Walnut Creek, they seeks reimbursement for travel time to Sacramento. This is despite the fact, as Defendants point out, that Plaintiff's attorneys have filed numerous cases in the Sacramento.

///

///

---

[2] In disallowing Mr. Farber's duplicate entries, the Court expresses no opinion as to whether Mr. Thimesch's appearance was any more, or any less, critical to Plaintiff's representation. The Court simply finds that the appearance of both Farber and Thimesch was unnecessary and hence elected to eliminate one set of charges.

No evidence has been presented suggesting that Plaintiff's attorneys try more cases in Walnut Creek than in Sacramento, or that Plaintiff's attorneys maintain offices outside the Sacramento area for any reason other than their own convenience. Defendants should not be required to shoulder travel expenses to Sacramento.  Having examined Timothy Thimesch's billing statements reflecting such round trip travel charges, the Court finds a reduction of 15 hours appropriate to eliminate such charges.

**4.  Other Disallowed Charges**

The calculation of the 338.40 hours claimed by Plaintiff's counsel includes an estimated 16 hours for preparation of a reply papers and attendance at the hearing on this matter.  Because no timely reply was ever filed, however, and because the Court dispensed with oral argument, however, the claimed 16 hours is unwarranted and will be deducted.

**5.  Calculation of Authorized Lodestar**

From the total 338.40 hours claimed by Plaintiff's counsel in this fee application, the following hours are deducted as enumerated above:

| | |
|---|---|
| 19.20 | 5 percent reduction proposed by Plaintiff |
| 27.30 | Duplicate Billings |
| 26.60 | Unnecessary Motion Practice |
| 15.00 | Disallowed Travel Time to Sacramento |
| 16.00 | Disallowed Hours for Reply/Attendance at Hearing |
| 104.10 | TOTAL DEDUCTION |

1  Subtracting 104.10 hours from the initially claimed 338.40
2 hour figure, net allowable hours are 234.30.  Multiplying that
3 figure by $250.00 per hour, the total authorized lodestar is
4 $58,575.00.  Having determined the lodestar, we now turn to
5 whether that lodestar figure should be enhanced by way of
6 multiplier, as Plaintiff's counsel advocates.

**B.   Multiplier**

8  Plaintiff next asks this Court to apply a 1.3 multiplier to
9 the lodestar figure under California Code of Civil Procedure §
10 1021.5.  Plaintiff contends that given the significant benefits
11 to the disabled public as a result of the modifications
12 implemented by the Defendants, § 1021.5 makes a potential
13 multiplier enhancement of 1.1 to 2.0 available, even in a federal
14 court proceeding.  See Mangold, Crommie v. California Public
15 Utilities Comm., 67 F.3d 1470, 1478 (9th Cir. 1995).  Plaintiff
16 also contends that given the contingency factor, where he has not
17 received any compensation for his work in this case, enhancement
18 is warranted.

19  To the extent that a party seeks a fee enhancement, it bears
20 the burden of proof.  Ketchum v. Moses, 24 Cal. 4th 1122, 1138
21 (2001).  Significantly, there is a strong presumption that the
22 base lodestar figure represents a reasonable fee.  Doran v. Corte
23 Madera Inn Best Western, 360 F. Supp. 2d 1057, 1061 (N.D. Cal.
24 2005), citing Jordan v. Multnomah County, 815 F.2d 1258, 1262
25 (9th Cir. 1987).  When deciding whether to adjust the lodestar,
26 courts often use the following twelve factors:
27 ///
28 ///

9

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 69-70. For the reasons below, the Court declines to grant a fee enhancement.

Nothing requires a trial court to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors. Ketchum, 24 Cal. 4th at 1138. Courts simply retain the discretion to do so in the appropriate case. See id. "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." Id.

Moreover, "[o]nce the court considers whether to enhance for contingency, the decision whether and to what extent this factor will affect the fee ultimately awarded is a matter within the district court's discretion." Widrig v. Apfel, 140 F.3d 1207 (9th Cir. 1998) (quoting Allen v. Shalala, 48 F.3d 456, 460 (9th Cir. 1995)). In Widrig, the Ninth Circuit affirmed the district court's decision not to enhance for contingency. The court emphasized that the district court had "'fully considered each of the factors noted in Kerr, as well as the arguments of counsel,' and concluded there were no grounds to increase the lodestar rate, reasoning that the case was 'a straightforward social security case.'"

10

1  Widrig, 140 F.3d at 1210 (Cf. Straw v. Bowen, 866 F.2d 1167, 1170
2  (9th Cir. 1989)(finding that contingency did not justify tripling
3  standard rate because there was "no evidence that the . . . cases
4  were unusually risky.")).

5       Here, Plaintiff's attorney presents nothing to support a fee
6  enhancement.  Nothing about Plaintiff's lawsuit was novel,
7  difficult or particularly complex.  Moreover, as an ADA case
8  where Plaintiff's counsel knew that monetary recovery would by
9  definition be limited, the case cannot be deemed unusually risky.
10 Consequently Plaintiff's request that the lodestar be multiplied
11 by a factor of 1.3 is rejected.  Conversely, however, the
12 circumstances of this case also do not support Defendant's
13 contention that the lodestar figure be reduced.  In ultimately
14 achieving a settlement with Defendants that addressed the
15 accessibility concerns voiced by Plaintiff in her lawsuit,
16 Plaintiff appears to have achieved her objective in filing this
17 case.

18 **C.  Litigation Expenses and Costs**

19      Plaintiff may recover, as part of the award of attorneys'
20 fees in this matter, litigation expenses pursuant to 42 U.S.C. §
21 2205.  The term "litigation expenses" in section 12205 has been
22 interpreted to include "the same out-of-pocket expenses that are
23 recoverable under 42 U.S.C. § 1988."  Robbins v. Scholastic Book
24 Fairs, 928 F. Supp. 1027, 1037 (D. Or. 1996).  Under section
25 1988, Plaintiff may recover those out-of-pocket expenses that
26 "would normally be charged to a fee paying client."  Harris v.
27 Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994).
28 ///

11

1    Plaintiff seeks a total of $13,345.00 in litigation
2 expenses, However, Plaintiff has only itemized $11,770.69 for
3 litigation costs and expenses (See Thimesch Decl., ¶ 42).
4 Defendants also claim that Plaintiff's counsel seeks excessive
5 reimbursement for the charges of their expert, Karl Danz, because
6 Mr. Danz's report was purportedly similar to a report prepared by
7 Plaintiff's expert, SZS Consulting, at a much lower cost.
8 While the Court declines to find Mr. Danz's expert fees as
9 patently unreasonable, it does agree with defense counsel that
10 the claimed $1,052.00 for color copying expenses has not been
11 adequately verified.  In addition, because travel costs have been
12 disallowed as set forth above, claimed mileage and other travel
13 expense totaling $634.29 will also be deducted.  Plaintiff's
14 counsel will consequently be permitted to recoup litigation costs
15 and expense in the amount of $10,084.40.

## CONCLUSION

19    Based on the foregoing, Plaintiff's Motion Attorney's Fees,
20 Litigation Expenses and Costs (Docket No. 57) is GRANTED, in
21 part.[3]

---

[3] The Court recognizes that on November 10, 2009, well after the scheduled hearing date of October 22, 2009 and after the Court's Order of October 20, 2009 taking the matter under submission, Plaintiff filed an untimely Reply.  On November 16, 2009, Plaintiff filed an Ex Parte Application for the Court to consider that late-filed Reply.  Defendants opposed the Application on grounds that the Reply was submitted 26 days after the deadline for doing so under Local Rule 78-230(d).  Because Plaintiff demonstrated no good cause for allowing such an extraordinarily tardy reply, Plaintiff's Ex Parte Application is
(continued...)

Plaintiff is entitled to reasonable attorney's fees in the amount of $58,575.00 and reasonable litigation expenses in the amount of $10,084.40, for a total of $68,659.40.  Plaintiff will accordingly be awarded that amount.

Dated: November 25, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3](...continued)
denied.  The Court accordingly declines to consider Plaintiff's Reply papers filed on November 10, 2009.